IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY BECKWITH,

        Plaintiff,                             CASE NO.:

v.

OAKS CLUB CORPORATION,

        Defendant.

_____/

## COMPLAINT

Plaintiff, TIMOTHY BECKWITH, by and through his undersigned counsel, hereby sues Defendant, OAKS CLUB CORPORATION, and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Americans With Disabilities Act Amendments of 2008 ("ADAAA"), 42 U.S.C. Ch. 126 § 12101 et seq.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. At all times material herein, Plaintiff, TIMOTHY BECKWITH, was and is a resident of Sarasota County, Florida.

4. At all times material herein, Defendant, OAKS CLUB CORPORATION ("Oaks"), was and is a Florida corporation, licensed and authorized to and doing business in Sarasota County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On May 13, 2021, Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). The Right to Sue was issued on June 1, 2021.

## FACTUAL ALLEGATIONS

8. Plaintiff began his employment with the Defendant, Oaks Corporation on or around September 26, 2000, as an Assistant Golf Professional.

9. On or around May 17, 2019, Plaintiff went to Sarasota Memorial emergency room with severe abdominal pain. Plaintiff was diagnosed with Stage IV colon cancer. Plaintiff was told at the time it was "highly curable". During this

time, Plaintiff had emergency surgery to save his life. Plaintiff was in the hospital for 7 days.

10. Between July 2019-December 2019, Plaintiff continued to work during treatment (even during a hospital stay). The only days he missed work were for chemo treatment every other Monday. Plaintiff commonly worked 6 days a week.

11. From January 2020 to May 2020, Plaintiff's chemotherapy was discontinued, and it was believed he was in remission.

12. On or around March 13, 2020, the Defendant shut down due to COVID 19. Plaintiff was told to stay at home due to the fact that most people believed he would be highly susceptible to the virus being a cancer survivor and no one knew enough about the virus to say for certain. All the employees continued to work from home and Plaintiff eventually returned to work regularly in April of 2020.

13. In May 2020, Plaintiff had a follow up scan that indicated his cancer had spread. Plaintiff informed his General Manager ("GM"), Jeff Hartigan, that he needed to treat again. At the time, the oncologist said that if Plaintiff didn't treat, he would only live another 6-12 months. Treatment resumed on June 22, 2020.

14. From June 2020 to September 2020, Plaintiff resumed his "normal" schedule of every other Monday treatment and even attended Zoom golf committee meetings from the chemo lounge. Each month Plaintiff repeatedly requested that the meetings be rescheduled so he could attend the meetings in person, but was denied.

15. In October 2020, during a discussion with GM, Jeff Hartigan, Plaintiff was asked if he could provide a note from his doctor indicating his ability to perform his job. Plaintiff's response was sent to GM via email.

16. At that time, Plaintiff grew increasingly concerned that the Board was trying to discredit him in some way so Plaintiff asked a fellow department head to provide him with a log of all the times Plaintiff entered the property since his illness was diagnosed. The only data available was from 10/26/19 to 10/25/20. Plaintiff was at work in this 1-year period 254 times. This included the mandatory shut down for Covid when no one was allowed on campus and Plaintiff's allotted 4-week vacation. Plaintiff worked every day while he was off the property as evidenced by his calls, virtual meeting attendance and emails.

17. In November 2020, there was a Covid case at the Club and the GM forwarded Plaintiff an email from a Board member expressing concern for his "vulnerability" and said Plaintiff should stay away.

18. Plaintiff became very concerned that they were trying to show that he wasn't able to perform the job due to his health condition, so Plaintiff responded again in writing and said that he was fine, especially since other staff members also had pre-existing conditions and they weren't offered the same.

19. On or around January 14, 2021, the GM and the incoming interim GM were present when Plaintiff was given a review. In the many years of reviews Plaintiff had received from this GM, it was the first one the GM "read" to Plaintiff.

20. Plaintiff asked if the GM wrote the review and was told that he did not. Plaintiff informed GM, Jeff that he would be rebutting everything in the review.

21. On January 19, 2021, Plaintiff sent his review rebuttal via email to both GMs and copied HR.

22. On January 27, 2021, the interim GM and HR person scheduled a meeting with Plaintiff to discuss his review response. During which time they indicated they would be putting Plaintiff on a Performance Improvement Plan. When Plaintiff asked why he was being placed on a PIP, he was told Plaintiff was not accepting responsibility and when Plaintiff asked again, the interim GM said, "you made a lot of good points in your rebuttal, but…" No further direction was given except for Plaintiff to come up with ways he could improve.

23. Plaintiff believed the Oaks Corporation was setting him up for termination and he was worried that he would lose his health insurance.

24. Plaintiff accepted another job offer at a much lower salary to avoid a termination and loss of health insurance.

25. On February 8, 2021, Plaintiff was constructively discharged.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

26. Plaintiff realleges and adopts the allegations in paragraphs 1 through 25 as if set out in full hereafter.

27. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

28. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

29. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability.

30. Plaintiff raised concerns of discrimination and retaliation due to his disability.

31. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Pecuniary and non-pecuniary losses;

    f. Attorney's fees and costs; and

  g. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, TIMOTHY BECKWITH, demands a trial by jury and a judgment against Defendant, OAKS CLUB CORPORATION, in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

32. Plaintiff realleges and adopts the allegations in paragraphs 1 through 25 as if set out in full hereafter.

33. Plaintiff suffered an adverse employment action (constructive discharge) for opposing an employment practice and for opposing Defendant's discriminatory treatment of him, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

34. The above-described acts constitute retaliation, in violation of the ADAAA.

35. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages;

      e.      Pecuniary and non-pecuniary losses;

      f.      Attorney's fees and costs; and

      g.      For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, TIMOTHY BECKWITH, demands a trial by jury and a judgment against Defendant, OAKS CLUB CORPORATION, in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

36.     Plaintiff, TIMOTHY BECKWITH, demands a trial by jury on all issues so triable.

**DATED** this 19th day of August 2021.

                                   **FLORIN GRAY BOUZAS OWENS, LLC**

                                   */s/Christopher D. Gray*
                                   **CHRISTOPHER D. GRAY, ESQUIRE**
                                   Florida Bar No.: 902004
                                   Primary:  chris@fgbolaw.com
                                   Secondary:  debbie@fgbolaw.com
                                   **WOLFGANG M. FLORIN, ESQUIRE**
                                   Florida Bar No.: 907804
                                   wolfgang@fgbolaw.com
                                   16524 Pointe Village Drive, Suite 100

                Lutz, FL 33558
                Telephone (727) 254-5255
                Facsimile (727) 483-7942
                Attorneys for Plaintiff